# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VICTOR ARBELO-ROSARIO, | |
| **Plaintiff,** | |
| v. | **CIVIL NO. 18-1250 (PAD)** |
| MARK ZUCKERBERG, | |
| **Defendant.** | |

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiff, Victor Arbelo-Rosario, proceeding pro se, filed an Amended Complaint under 42 U.S.C. § 1983,[1] accusing a Walmart store in Manati, Puerto Rico and unidentified "millions of stores" in the American continent (North America, South America and Central America) of distributing a "UFO experiment" and "products created by UFO minds."[2] Because Mr. Arbelo-Rosario cannot prevail on the facts alleged and an opportunity to amend would be futile, the case is DISMISSED.

## I.     STANDARD OF REVIEW

Ordinarily, the sufficiency of a complaint is tested by a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, in order to assess whether a plaintiff has properly stated a

---

[1] The Original pro se complaint listed "Marck Zuckerverg [sic], owner Facebook" as a defendant, claiming that plaintiff alerted Facebook of the experiment and products created by UFO's minds so that Facebook would alert the President of the United States (Docket No. 1). The products listed therein were "Mar's Chocolate, Dove Product, Dove commerce, M&M's Mars Commerce." In the Amended Complaint, however, plaintiff does not refer to any specific brands or products. Rather, he refers to a "UFO experiment" and "products created by UFO minds." With the complaint, plaintiff sought leave to proceed in forma pauperis. For the reasons stated herein, and consistent with 28 U.S.C. § 1915(e)(2)(B)(ii), the request is denied, and the case dismissed. See, Anderson v. Coughlin, 700 F.2d 37, 43 (2d Cir.1983)(application to proceed in forma pauperis may be denied if the complaint fails to state a claim upon which relief can be granted, and hence could be dismissed on Rule 12(b)(6) grounds).

[2] For clarity, an UFO is an "unidentified flying object." In the complaint, however, plaintiff refers to UFOs as "OVNIs." Both the Complaint and the Amended Complaint were submitted in Spanish. A certified translation of the Amended Complaint prepared by a certified court interpreter of the Court Services Division of this court, is hereby attached as Exhibit A.

claim upon which relief can be granted. <u>See</u>, <u>Bauer</u> v. <u>Marmara</u>, 942 F.Supp.2d 31, 37 (D.D.C. 2013)(<u>citing</u> <u>Scheuer</u> v. <u>Rhodes</u>, 416 U.S. 232, 236, (1974)). However, if the complaint's failure to state a claim "is patent, 'it is practical and fully consistent with plaintiffs' rights and the efficient use of judicial resources' for the court to act on its own initiative and dismiss the action." <u>Bauer</u>, 942 F.Supp.2d at 37 (citation omitted).[3]

## II.    **DISCUSSION**

A pleading must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. 662, 678 (2009). Applying this standard, the court has reviewed the Amended Complaint, construed the allegations in the light most favorable to Mr. Arbelo-Rosado, and drawn all possible reasonable inferences in his favor. But it is apparent from the allegations that he cannot prevail.

While the Amended Complaint is not a model of clarity, Mr. Arbelo-Rosado is denouncing: (i) "an emergency for the coup d'état in the terrorist attempt of a UFO experiment with the commerce of in store brands" that may cause chaos among humanity; (ii) that his life is in danger because of this discovery; (iii) the emergency was notified to "scientists at NASA," the "intelligence center in Virginia," and the governor of Puerto Rico, because stores in all the American continent are distributing the UFO experiment and the brands created by UFO minds; and (iv) there is a terrorist attempt all over the "American continent" (including North America, South America and Central America), that a court "has to stop" "urgently" (Docket No. 6). Lastly, and although he is currently detained in Unit 581 in Bayamón, Puerto Rico (Docket No. 4), he is

---

[3] <u>See also</u>, <u>González-González</u> v. <u>United States</u>, 257 F.3d 31, 37 (1st Cir. 2001)(If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand).

suing the Walmart Store in Manati, Puerto Rico under Section 1983 for selling him the "UFO experiment" (Docket No. 6 at p. 2).

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the U.S. Constitution and federal statutes. See, Graham v. Connor, 490 U.S. 386, 393-394 (1989)(addressing topic). By itself, however, it is not a source of substantive rights, but merely provides a method for vindicating federal rights. See, Albright v. Oliver, 510 U.S. 266, 271 (1994)(so stating). To state a claim under Section 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; (2) by a person acting under the color of state law. See, West v. Atkins, 487 U.S. 42, 48-49 (1988)(examining issue). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific [. . . .] right' at issue." Manuel v. City of Joliet, ---U.S.----, 137 S.Ct. 911, 920, (2017)(citing Albright 510 U.S. at 271, 114 S.Ct. 807).

The Amended Complaint is devoid of a single contention in support of the alleged violation of a specific federal right. What is more, it is silent as to why a Walmart store in Manati can be fairly characterized as a "state actor" for Section 1983 purposes and was acting under color of law when it allegedly sold the "UFO experiment." To the contrary, there is no factual or legal basis to sustain alleged wrongdoing by Walmart or anybody else entitling Mr. Arbelo-Rosario to 1983 relief. In this light, the action should be dismissed. See, Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997)(sua sponte dismissal of a pro se complaint for failure to state a claim "is appropriate [. . . .] where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile."); Perry v. Discover Bank, 514 F.Supp.2d 94, 95 (D.D.C. 2007)(courts may dismiss a complaint sua sponte

where there is simply "no factual or legal basis for alleged wrongdoing by defendants," such that it is patently obvious that the plaintiff cannot prevail on her claims).[4]

### III.    CONCLUSION

The court is aware that when a plaintiff complaining of civil rights violations is representing himself, the complaint must be read with an extra degree of solitude.  See, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(applying principle). Nevertheless, a litigant's exercise of his right to self-representation does not exempt him from complying "with the relevant rules of procedural and substantive law."  Eagle Eye Fishing Corp. v. United States Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994).  The pleadings do not state a claim to relief plausible on its face.  In consequence, the case is DISMISSED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of June, 2019.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE

---

[4] See also, Vahidallah v. Chase Bank, 2013 WL 3777181, *1 (S.D.Cal. July 16, 2013)(sua sponte dismissal of pro se mortgage and foreclosed-related complaint pursuant to Rules 8 and 12(b)(6)); Sainte v. Suntrust Mortg., Inc., 2010 WL 4639242, *1 (N.D.Ga. Sept. 15, 2010)(recommending sua sponte dismissal under Rules 8(a) and 12(b)(6)), adopted at 2010 WL 4638889).